UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS  DIVISION

| | | |
|---|---|---|
| REGINALD ATKINS, | ) | |
|        Plaintiff, | ) | |
| | ) | |
|    vs. | ) | 1:07-cv-1669-LJM-TAB |
| | ) | |
| NORTHROP GRUMMAN TECHNICAL | ) | |
| SERVICES, | ) | |
|        Defendant. | ) | |

## ORDER ON DEFENDANT'S MOTION TO DISMISS

This matter is before the Court on Defendant's, Northrop Grumman Technical Services[1] ("Northrop"), Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rule 12(b)(6)").  Plaintiff, Reginald Atkins ("Atkins"), initiated this action against Northrop, Joseph Lex ("Lex"), Stephen Brunk ("Brunk"), Cyberdyne Systems, Inc. ("Cyberdyne"), and Information Services Agency Indianapolis, IN ("ISA"), alleging violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621, and bringing state-law claims for intentional and negligent infliction of emotional distress.   The Court dismissed and terminated Lex, Brunk, Cyberdyne, and ISA from this action.  Dkt. Nos. 28, 44, 50.  Therefore, only Atkins' claims against Northrop remain.

In response to Northrop's Motion to Dismiss, Atkins concedes that the Complaint does not state a claim for either intentional or negligent infliction of emotional distress. Pl.'s Br. at 2.  Therefore, Northrop's Motion to Dismiss as to Atkins' state-law claims for

---

[1] Plaintiff incorrectly named Northrop Grumman Information Technology, Inc., as Northrop Grumman Technical Services in the Complaint.

intentional and negligent infliction of emotional distress is **GRANTED**.  That leaves only

Atkin's Title VII claim against Northrop.  The Court has considered the parties' arguments

and, for the following reasons, **GRANTS** Northrop's Motion to Dismiss.

## I.  BACKGROUND

For the purposes of this motion, the Court accepts as true the well-pleaded factual

allegations from the Complaint.  Atkins, an African-American man, began his employment

with ISA in 1995.  Compl. ¶ 13.[2]  In 1996, the City of Indianapolis outsourced its

information technology operation to Systems and Computer Technology.  *Id.* ¶ 14.  In

2002, the City outsourced the same operation to Affiliated Computer Systems ("ACS").

*Id.* ¶ 15.  ACS subsequently employed Atkins as a computer operator and a print room

operator.  *Id.*  Northrop became the general contractor for the operation in 2004 and later

subcontracted the information technology operation to Cyberdyne in 2006.  *Id.* ¶¶ 16-17.

Cyberdyne subsequently hired Atkins as a computer operator and a print room operator.

*Id.* ¶ 17.

In his capacity as a computer operator, Atkins' duties included: to monitor and

execute commands on the mainframe system; to perform print room operations; and to

maintain peripherals such as printers, decolators, and other equipment.  *Id.* ¶ 18.  In 2006,

Atkins was given additional duties at the help desk where he answered telephone calls and

assisted with customer questions.  *Id.* ¶ 10.  Despite numerous requests, Atkins was never

trained for his help desk duties.  *Id.* ¶ 20.

---

[2] The citation "Compl. ¶ _____" refers to the Amended Complaint, Docket Number
23.

During his employment, Atkins made several complaints of unlawful workplace behavior with the Defendants[3] and with the U.S. Equal Employment Opportunity Commission ("EEOC"). Cyberdyne terminated Atkins on or about December 14, 2006. *Id.* ¶ 23. Cyberdyne claimed that it terminated Atkins for being rude to help desk callers; however, during his employment Atkins "witnessed similarly situated white employees who had been rude to help desk callers." *Id.* ¶ 25. Those employees were not terminated. *Id.* Atkins asserts that Lex retaliated against him for making prior complaints of unlawful workplace behavior, and that Brunk made several discriminatory remarks about Atkins' age. According to Atkins, he "was terminated by Defendant[4] for conduct unrelated to his job performance," namely because of his race and age. *Id.* ¶¶ 26-28.

## II. STANDARD

When ruling on this Motion to Dismiss under Rule 12(b)(6), the Court accepts as true all well-pleaded factual allegations in the Complaint and the reasonable inferences drawn from those allegations, and views them in the light most favorable to Plaintiff. *See Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d. 614, 618 (7th Cir. 2007). "A plaintiff's complaint need only provide a 'short and plain statement of the claim showing that the pleader is entitled to relief', sufficient to provide the defendant with 'fair notice' of the claim and its basis." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (citing Fed. R.

---

[3] Throughout his Complaint, Atkins refers to all the originally named defendants as "Defendants."

[4] It is unclear to the Court whether "Defendant" refers to a particular defendant or whether Atkins meant "Defendants."

Civ. P. 8(a)(2)); *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007)).   The

Complaint's "allegations must plausibly suggest that [Atkins] has a right to relief, raising

that possibility above the 'speculative level.'" *EEOC v. Concentra Health Care Servs., Inc.*,

496 F.3d 773, 776-77 (7th Cir. 2007) (quoting *Bell Atl.*, 127 S. Ct. at 1965)).

### III. <u>DISCUSSION</u>

The parties argue over two issues: (1) whether Atkins has sufficiently alleged that

Northrop was Atkin's "employer" under 42 U.S.C. § 2000e(b); and (2) whether Atkins' Title

VII Claims are untimely.   Finding it dispositive, the Court considers only the first issue.

Title VII defines "employer" as "a person engaged in an industry affecting commerce

who has fifteen or more employees for each of twenty or more calendar weeks in the

current or preceding calendar year, and any agent of such a person[.]" 42 U.S.C. §

2000e(b).   Northrop concedes it qualifies as an "employer" under § 2000e(b).   However,

it argues that Atkins failed to assert in his complaint that Northrop was Atkins' employer.

In his brief, Atkins concedes Cyberdyne, and not Northrop, was his direct employer.   Pl.'s

Br. at 4.   However, Atkins argues that the Complaint sufficiently alleges that

"Northrop . . . was his employer for purposes of Title VII" because "an entity may have such

a range of control over the plaintiff's employment relationship that it is appropriate to regard

the entity as a de facto or indirect employer of the plaintiff for purposes of Title VII."   *Id.*

(citing *EEOC v. Illinois*, 69 F.3d 167, 169 (7th Cir. 1995).

"De facto or indirect employer liability depends on the amount of the control a

putative Title VII defendant exerts over the plaintiff's employment."   *Kerr v. WGN Cont'l*

*Broad. Co.*, 229 F. Supp. 2d 880, 886 (N.D. Ill. 2002) (citing *EEOC v. Illinois*, 69 F.3d at 171-72) (noting that an entity that "pulls the strings" in the background, and essentially controls employment decisions will be considered the de facto employer for purposes of Title VII liability).  Therefore, in order to hold Northrop accountable under Title VII, Atkins must allege facts that, if true, would demonstrate Northrop exerted the requisite control over Atkins' employment.  Yet, Atkins only alleged that "Defendants are 'employers' within the meaning of 42 U.S.C. § 2000e(b)."  Compl. ¶ 2.  Atkins did not allege that Northrop exerted control over Atkins' employment.   He did not allege that Northrop "pull[ed] the strings" in the background and controlled employment decisions regarding Atkins.  *EEOC v. Illinois*, 69 F.3d at 171-72.

Rule 8(a)(2) requires the Complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  The Complaint must allege "more than labels and conclusions." *Bell Atl.*, 127 S. Ct. at 1965.  Rather, it "must plausibly suggest that [Atkins] has a right to relief, raising that possibility above the 'speculative level.'" *Concentra Health Care Servs.*, 496 F.3d at 776-77 (quoting *Bell Atl.*, 127 S. Ct. at 1973 n. 14)).  Atkins' conclusion that "Defendants are 'employers' within the meaning of 42 U.S.C. § 2000e(b)" is insufficient to satisfy Rule 8(a)(2). *Bell Atl.*, 127 S. Ct. at 1965.  The Complaint does not rise above the speculative level, and he cannot amend the Complaint through his brief in opposition to a motion to dismiss. *See Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984).

Therefore, the Court concludes that Atkins' Complaint fails to allege facts that, if true, would hold Northrop liable under Title VII as a de facto or indirect employer.

Accordingly, the Complaint does not satisfy Rule 8(a)(2).  Fed. R. Civ. P. 8(a)(2); *Bell Atl.*,

127 S. Ct. at 1965.


## IV.  <u>CONCLUSION</u>

For the foregoing reasons, Defendant's, Northrop Grumman Technical Services,

Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil is **GRANTED**.

The Court will permit Plaintiff to file a Second Amended Complaint by December 8, 2008.

Failure to do so will result in a dismissal of the Amended Complaint.

IT IS SO ORDERED this 24th day of November, 2008.


LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana


Distribution to:

Ryan Kenneth Gardner
ATTORNEY AT LAW
rgardnerlaw@gmail.com

Sari M. Alamuddin
MORGAN LEWIS BOCKIUS LLP
salamuddin@morganlewis.com

Ross H. Friedman
MORGAN LEWIS BOCKIUS
rfriedman@morganlewis.com