UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| REGINALD ATKINS, ) | |
|     Plaintiff, ) | |
| ) | |
| vs. ) | 1:07-cv-1669-LJM-TAB |
| ) | |
| NORTHROP GRUMMAN INFORMATION ) | |
| TECHNOLOGY, INC., ) | |
|     Defendant. ) | |

## ORDER ON DEFENDANT'S MOTION TO DISMISS

This matter is before the Court on defendant's, Northrop Grumman Information Technology ("Northrop"), Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rule 12(b)(6)"). Plaintiff, Reginald Atkins ("Atkins"), initiated this action against Northrop, Joseph Lex ("Lex"), Stephen Brunk ("Brunk"), Cyberdyne Systems, Inc. ("Cyberdyne"), and Information Services Agency Indianapolis, IN ("ISA"), alleging violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621, and bringing state-law claims for intentional and negligent infliction of emotional distress. The Court dismissed and terminated Lex, Brunk, Cyberdyne, and ISA from this action. Dkt. Nos. 28, 44, 50.

On November 24, 2008, the Court dismissed Atkins' Complaint and granted Atkins leave to file a Second Amended Complaint. *See* Dkt. No. 53. The Court concluded that the Amended Complaint failed to allege facts that, if true, demonstrated Northrop qualified as Atkins' employer under 42 U.S.C. § 2000e(b). The Court did not consider Northrop's argument that Atkins' claims were untimely.

Atkins' Second Amended Complaint, filed on December 2, 2008, is the subject of the current Motion to Dismiss. In its Motion to Dismiss, Northrop apparently concedes that the Second Amended Complaint alleges facts that, if true, demonstrate Northrop qualified as Atkins' employer under 42 U.S.C. § 2000e(b). However, Northrop argues that Atkins' claims asserted in his Second Amended Complaint are untimely and do not "relate back" to the original Complaint under Federal Rule of Evidence 15(c). The Court has considered the parties' arguments[1] and, for the following reasons, **DENIES** Northrop's Motion to Dismiss.

## I. BACKGROUND

For the purposes of this motion, the Court accepts as true the well-pleaded factual allegations from the Second Amended Complaint. Atkins, an African-American man, began his employment with ISA in 1995. Compl. ¶ 9.[2] In 1996, the City of Indianapolis outsourced its information technology operation to Systems and Computer Technology ("SCT"). Id. ¶ 10. Atkins subsequently became an employee of SCT as a computer operator and a print room operator. Id. In 2002, the City outsourced the same operation to Affiliated Computer Systems ("ACS"). Id. ¶ 11. ACS subsequently employed Atkins as

---

[1] Atkins filed a surreply to the present motion without first requesting leave from the Court. Local Rule 7.1. contemplates only a response and a reply to motions that are filed with the Court; therefore, a party must request leave from the Court before the party files a surreply. Although the Court declines to strike Atkins' surreply to the present motion, the Court reminds Atkins' that leave to file a surreply must be sought in the future and that the Local Rules will be strictly enforced.

[2] The citation "Compl. ¶ ____" refers to the Second Amended Complaint. Dkt. No. 57.

a computer operator and a print room operator.  *Id.*

In 2004, Northrop was awarded an information technology outsourcing contract in Indianapolis, therefore becoming the general contractor for the operation. *Id.* ¶ 12. Joseph Lex ("Lex") worked as the Operations Manager for Northrop at all times relevant to this action. *Id.* ¶ 13.  In the nine years preceding 2004, Lex supervised Atkins, including during the time that different subcontractors became involved with the Indianapolis contract.  *Id.*

In 2006, Northrop subcontracted the information technology operation to Cyberdyne Systems, Inc. ("Cyberdyne"). *Id.* ¶ 14.  Atkins subsequently became an employee of Cyberdyne as a computer operator and a print room operator.  *Id.*  At all times, Atkins remained under the supervision and control of Lex. *Id.* ¶ 15.  Throughout the information technology operation, Northrop exercised significant control over Atkins' daily operations and employment. *Id.* ¶ 16.  Specifically, Defendant determined Atkins' work assignments; completed Atkins' performance evaluations, which had a direct impact on Atkins' opportunities for advancement and pay increases; determined Atkins' rate of pay, and whether or not he received promotions or raises; supervised Atkins' work, and maintained records of Atkins' employment; controlled Atkins' training; and retained the authority to terminate Atkins' employment.  *Id.* ¶¶ 17-22.

In his capacity as a computer operator, Atkins' duties included: to monitor and execute commands on the mainframe system; to perform print room operations; and to maintain peripherals such as printers, decolators, and other equipment. *Id.* ¶ 23.  In 2006, Atkins was given additional duties at the help desk where he answered telephone calls and assisted with customer questions. *Id.* ¶ 24.  Despite numerous requests, Atkins was never

trained for his help desk duties. *Id.* ¶ 25. Throughout his employment with Northrop, Atkins performed his job satisfactorily and met all of Northrop's legitimate employment expectations. *Id.* ¶ 26.

During his employment, Atkins made several complaints of unlawful workplace behavior with Northrop, Cyberdyne, and with the U.S. Equal Employment Opportunity Commission ("EEOC"). *Id.* ¶ 27.

On or about December 14, 2006, at the direction of Lex, Cyberdyne terminated Atkins' employment. *Id.* ¶ 28. Cyberdyne claimed that it terminated Atkins for being rude to help desk caller. However, during his employment Atkins "witnessed similarly situated white employees who had been rude to help desk callers." *Id.* ¶¶ 29-30. Those employees were not terminated. *Id.* ¶ 30. According to Atkins, Lex created a hostile work environment and Northrop and Lex retaliated against him for making prior complaints of unlawful workplace behavior. *Id.* ¶ 32. Atkins alleges that he "was terminated by [Northrop] for conduct unrelated to his job performance." *Id.* ¶ 34.

On March 26, 2007, Atkins filed several charges of discrimination with the EEOC against Information Services Agency, Northrop, and Cyberdyne. Compl. ¶ 5, Ex. B; Dkt. No. 1(3), (5). On or about October 2, 2007, Atkins received a Dismissal and Notice of Right to Sue with respect to all three Charges, in which the EEOC instructed Atkins that he must file his claims within ninety days. Compl. ¶ 6, Ex. B.

On December 27, 2007, Atkins' filed a *pro se* complaint in this Court in which he listed Lex, Stephen Brunk, and Information Services Agency in the caption. Under "Defendant's Address," Atkins inserted "Northrop Grumman Technical Services, 2411

4

Case 1:07-cv-01669-LJM-TAB   Document 68   Filed 05/21/09   Page 5 of 11 PageID #: 305

Dulles Corner Park #800, Herdon VA, 20171.

On February 21, 2008, Atkins', having retained counsel, filed his Motion for Leave to File Amended Complaint to add additional defendants and claims. Dkt. No. 18. That same day, both Lex and Northrop filed a Waiver of Service. Dkt. No. 21.

On February 22, 2008, the Court granted Atkins' Motion for Leave to Amend, and deemed the First Amended Complaint filed the date of that Order. Dkt. Nos. 22-23. The First Amended Complaint named Northrop as a defendant. Dkt. No. 23.

## II. STANDARD

### A. RULE 12(b)(6) MOTION TO DISMISS

When ruling on this Motion to Dismiss under Rule 12(b)(6), the Court accepts as true all well-pleaded factual allegations in the Complaint and the reasonable inferences drawn from those allegations, and views them in the light most favorable to Plaintiff. *See Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d. 614, 618 (7th Cir. 2007). "A plaintiff's complaint need only provide a 'short and plain statement of the claim showing that the pleader is entitled to relief', sufficient to provide the defendant with 'fair notice' of the claim and its basis." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (citing Fed. R. Civ. P. 8(a)(2)); *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007)). The Complaint's "allegations must plausibly suggest that [Atkins] has a right to relief, raising that possibility above the 'speculative level.'" *EEOC v. Concentra Health Care Servs., Inc.*, 496 F.3d 773, 776-77 (7th Cir. 2007) (quoting *Bell Atl.*, 127 S. Ct. at 1965)).

## B. RULE 15(c)

In order for an amended pleading to relate back to the original pleading under Rule 15(c)(3):

- (1) the claim asserted in the amended pleading must arise out of the conduct, transaction, or occurrence set forth in the original pleading; and
- (2) the party to be brought in by the amendment

    - (a) must have received "such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits," and

    - (b) must have known or should have known that, "but for a mistake concerning the identity of the proper party, the action would have been brought against the party."

Fed. R. Civ. P. 15(c). In general, "the 'mistake' clause of Rule 15(c)'s 'relation back' provision 'permits an amendment to relate back only where there has been an error made concerning the identity of the proper party and where the party is chargeable with knowledge of the mistake.'" *Hall v. Norfolk Southern Ry. Co.*, 469 F.3d 590, 595 (7th Cir. 2006) (quoting *Wood v. Worachek*, 618 F.2d 1225, 1229 (7th Cir. 1980)). "'Relation back' on grounds of 'mistake concerning the proper party' does not apply where the plaintiff simply lacks knowledge of the proper defendant.'" *Id.* (quoting *King v. One Unknown Fed. Corr. Officer*, 201 F.3d 910, 914 (7th Cir. 2000)). However, in some circumstances a plaintiffs *pro se* status may relieve the plaintiff of such a technical reading of Rule 15(c). *See, e.g.*, *Donald v. Cook County Sheriff's Dep't*, 95 F.3d 548, 560-61 (7th Cir. 1996).

### III.  DISCUSSION

### A.  NORTHROP'S EMPLOYER STATUS

Title VII defines "employer" as "a person engaged in an industry affecting commerce who has fifteen or more employees for each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person[.]" 42 U.S.C. § 2000e(b).  Although Northrop originally conceded that it qualified as an "employer" under § 2000e(b), in its First Motion to Dismiss Northrop argued that Atkins had not pled facts that, if true, demonstrated Northrop qualified as Atkins' indirect employer.  The Court agreed, and granted Atkins leave to file an Amended Complaint.  Northrop now concedes that, under Rule 12(b)(6), Atkins has plead facts that, if true, demonstrate Northrop acted as Atkins' de facto or indirect employer for Title VII purposes.  The Court agrees.

"De facto or indirect employer liability depends on the amount of the control a putative Title VII defendant exerts over the plaintiff's employment."  *Kerr v. WGN Cont'l Broad. Co.*, 229 F. Supp. 2d 880, 886 (N.D. Ill. 2002) (citing *EEOC v. Illinois*, 69 F.3d 167, 171-72 (7th Cir. 1995) (noting that an entity that "pulls the strings" in the background, and essentially controls employment decisions will be considered the de facto employer for purposes of Title VII liability).  Therefore, in order to hold Northrop accountable under Title VII, Atkins must allege facts that, if true, demonstrate Northrop exerted the requisite control over Atkins' employment.

Here, Atkins' Second Amended Complaint alleges that he was under the direct supervision of Lex, Northrop's employee, at all times relevant to this action.  Compl. ¶ 15. In addition, Atkins alleges that Northrop exercised significant control over Atkins' daily

operations and employment. *Id.* ¶ 16.  Specifically, Northrop determined Atkins' work assignments; completed Atkins' performance evaluations, which had a direct impact on Atkins' opportunities for advancement and pay increases; determined Atkins' rate of pay, and whether or not he received promotions or raises; supervised Atkins' work, and maintained records of Atkins' employment; controlled Atkins' training; and retained the authority to terminated Atkins' employment. *Id.* ¶¶ 17-22.  Accordingly, the Court concludes that Atkins has alleged facts that, if true, demonstrate Northrop acted as Atkins' indirect employer for Title VII purposes.

## B.  RELATION BACK UNDER RULE 15(c)

Northrop concedes that the first two prongs under Rule 15(c) have been met. Specifically, Northrop admits that the Second Amended Complaint arises about of the same conduct alleged in original Complaint, and that Northrop had notice of the action and would not be prejudiced in maintaining a defense on the merits.  Def.'s Reply Br. at 2 n.1. Notwithstanding the lack of prejudice, Northrop argues that Atkins' mistake is not the sort of mistake contemplated by Rule 15(c)(ii) and that, therefore, Atkins' Second Amended Complaint does not "relate back" to the original Complaint.

Northrop argues that Atkins did not make a "legal mistake," namely a mistake over the identity of a party, but rather Atkins merely did not understand that Northrop, and not just Lex, was the proper party to sue.  Northrop argues that under clear Seventh Circuit law, a plaintiffs mistake over the proper party to sue is not the sort of mistake contemplated by Rule 15(c).  Moreover, Northrop asserts that Rule 15(c) is limited to the mistakes of plaintiffs suing official bodies.  Here, Atkins asserted claims against only private entities.

As to Northrop's contention that Rule 15(c) is limited to suits against "official bodies," the Court acknowledges the court's statement in *Donald* that Rule 15(c) "is intended to be a means for correcting the mistakes of plaintiffs suing official bodies in determining which party is the proper defendant." *Donald*, 95 F.3d at 560. However, this Court notes the context in which the Seventh Circuit made that statement, in that the plaintiff in *Donald* had actually sued an official body. Moreover, Northrop has failed to cite any authority, either in case law or the rule itself, that expressly limits Rule 15(c) to actions asserted against official bodies.

Rather, after the 1966 Amendment to Rule 15(c), the Advisory Committee stated, among other things, that "Rule 15(c) has been amplified to provide a general solution . . . [to the] incorrect criteria [that] have sometimes been applied . . . [i]n actions between private parties." Adv. Cmte. Notes on Fed. R. Civ. P. 15(c). Accordingly, Northrop's narrow reading of Rule 15(c) is not only unsupported case law, but contradicts the Advisory Committee notes. *See Schiavone v. Fortune*, 477 U.S. 21, 31 (1986) (quoting *Mississippi Publ'g Corp. v. Murphree*, 326 U.S. 438, 444 (1946)) ("Although the Advisory Committee's comments do not foreclose judicial consideration of the Rule's validity and meaning, the construction given by the Committee is 'of weight.'"). Therefore, the Court declines to limit Rule 15(c) to actions against official bodies.

As to the broader issue of whether or not Atkins' mistake in failing to name Northrop as a defendant in his original complaint is the sort of mistake contemplated by Rule 15(c). The Court agrees with Northrop that in general, "'[r]elation back' on grounds of 'mistake concerning the proper party' does not apply where the plaintiff simply lacks knowledge of

9

the proper defendant.'" *Hall*, 469 F.3d at 595 (quoting *King*, 201 F.3d at 914. Accordingly, were Atkins represented by counsel throughout the entirety of the proceedings, his failure to name Northrop would not qualify as a "mistake" under Rule 15(c).

As a result, the critical issue is whether Atkins' *pro se* status at the time he filed the original Complaint relieves him from a technical reading of the rule. In *Donald*, a prisoner filed a *pro se* civil rights complaint in which he only named the sheriff's department. The plaintiff attempted to amend his complaint to add individual defendants, but the district court dismissed the complaint and did not allow the plaintiff to amend his complaint to add individual defendants. The district court concluded that the plaintiff's amended complaint would not relate back to the original complaint under Rule 15(c) and that, therefore, plaintiffs' amendment of the original complaint would be futile.

The Seventh Circuit reversed, citing the plaintiff's *pro se* status. *Donald*, 95 F.3d at 561. The court stated:

> It is, by now, axiomatic that district courts have a special responsibility to construe *pro se* complaints liberally . . . . Not only is the district court to view the *pro se* complaint with an understanding eye, but, while the court is not to become an advocate, it is incumbent on it to take appropriate measures to permit the adjudication of *pro se* claims on the merits, rather than to order their dismissal on technical grounds. Indeed, it is the 'well-established duty of the trial court to ensure that the claims of a *pro se* litigant are given a fair and meaningful consideration."

*Id.* (quoting *Palmer v. City of Decatur*, 814 F.2d 426, 428-29 (7th Cir. 1987)). In *Hall*, the court acknowledged that a plaintiff's *pro se* status may relieve him from the technical application of Rule 15(c). 469 F.3d at 597.

Here, the Court concludes that Atkins' Second Amended Complaint relates back to the original complaint. Atkins apparently believed that he was asserting a claim against

Northrop by naming Lex in the caption and listing Northrop's address in the original Complaint.  Under *Donald*, any interpretation of Rule 15(c) by the Court that would deny Atkins' claims would contradict the Court's duty "to ensure that the claims of a *pro se* litigant are given a fair and meaningful consideration."  *Donald*, 95 F.3d at 561.  Indeed, as the Court concluded above, Atkins' Second Amended Complaint asserts factual allegations that state a claim upon which relief may be granted under Rule 12(b)6).  Therefore, Northrop's Motion to Dismiss is **DENIED**.

### IV.  CONCLUSION

For the foregoing reasons, Defendant's, Northrop Grumman Technical Services, Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil is **DENIED**.

IT IS SO ORDERED this 19th day of May, 2009.

_____
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution to:

Ryan Kenneth Gardner
ATTORNEY AT LAW
rgardnerlaw@gmail.com

Ross H. Friedman
MORGAN LEWIS & BOCKIUS
rfriedman@morganlewis.com